UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

CELSO VALENTIN ESPINOBARROS, :

                Plaintiff, : 15 Civ. 2499 (HBP)

  -against- : OPINION
                               AND ORDER

BIG JOYS CORP., doing :
business as "West End
Superette," et al., :

                Defendants. :
-------------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve the settlement reached in this matter. The application was made orally after the conclusion of a settlement conference held on October 20, 2015 at which I presided. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action for allegedly unpaid overtime pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law. Plaintiff was formerly employed as stocker in a small market operated by defendants on Manhattan's upper west side. Exclusive of liquidated damages, plaintiff claims he is owed $10,710 in unpaid overtime. Plaintiff's claim is based entirely on his own testimony, although

both sides claim that the testimony of non-party witnesses will support their respective positions. Defendants claim that plaintiff was paid all the amounts he was due; in support of their defense, defendants cite daily time records that they maintained, including time-clock records, which, if accurate rebut plaintiff's claim for overtime pay.

The gross settlement amount is $18,000.00.[1] The foregoing settlement was reached after a lengthy settlement conference attended by counsel for both sides and the principals.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v.

---

[1] The parties agreed that this sum will be paid in equal installments as over 6 months. The parties further agreed that tyhe settlement amount will be secured by a confession of judgment in the amount of $20,000 less payments actually made. Thus, if defendants fail to pay the settlement amount, they will suffer a judgment that is $2,000 in excess of the settlement amount.

2

Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir.1982).

I conclude that the settlement reached by the parties is fair and reasonable. Plaintiff has no written records of the hours that he worked. Although plaintiff's recollection of his hours is sufficient to prove the hours that he worked, Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded by statute, Portal-to-Portal Act of 1947, 29 U.S.C. § 216(b) (2006), as recognized in Gorman v. Consol. Edison Corp., 488 F.3d 586, 590 (2d Cir. 2007), his recollection is not binding on the fact finder. Given plaintiff's interest in the outcome and the comprehensive time records maintained by defendants, it is probable that the fact finder would apply some discount factor to plaintiff's claimed hours or may conclude that plaintiff has no claim for overtime pay at all. Nevertheless, the settlement gives plaintiff more than his claimed actual damages.

In addition, although the settlement does not award plaintiff all of the liquidated damages to which he may be entitled, the fact that the settlement awards more than one hundred cents for each dollar of actual damages suggests that plaintiff will be receiving some liquidated damages.

3

The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

Finally, at the settlement conference, counsel for both sides demonstrated a mastery of the evidence and pertinent legal principles; counsel for both sides also represented their respective clients zealously.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on plaintiff, the settlement represents a reasonable compromise with respect to contested issues. I, therefore, approve it. Reyes v. Altamarea Group, LLC, 10 Civ. 6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.)

Dated: New York, New York
November 5, 2015

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

4